IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KAY F. WILSON, Individually, and as Special Administrator of the Estate of JOE WILSON, Deceased,<br><br>   Plaintiff,<br><br>vs.<br><br>OTIS ELEVATOR COMPANY,<br><br>   Defendant. | No. 05 C 0174<br><br>Honorable Elaine E. Bucklo |

## PLAINTIFF'S REPLY IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE # 3: CORONER'S REPORT AND FIRE CHIEF SEARS REPORT

Plaintiff Kay F. Wilson, for her Reply in Opposition to Defendant's Motion *in Limine* #3, Coroner's Report and Fire Chief Sears' Report, states as follows:

1. Defendant's Motion seeks to limit or restrict testimony of two public officials who conducted contemporaneous investigations into the circumstances surrounding Joe Wilson's death: Grundy County, Illinois Coroner John Callahan and Seneca, Illinois Fire Department Chief Jerry Sears. Though the motion purports to preclude any of the testimonial evidence obtained from multiple witnesses during these two official investigations, the real desire of the defendant is to prevent the jury from hearing certain statements made by Michael Lynch immediately after the accident. Mr. Lynch was the co-worker of Mr. Wilson in the elevator at the time of the incident. For the reasons set forth below, this Court should deny the motion as it pertains to certain statements of Mr. Lynch, and not prevent the jury from hearing this testimony.

2. In the early morning hours immediately following Joe Wilson's death on December 24, 2002, Mike Lynch was interviewed by both of the above-identified public officials. The interviews were conducted separately, within a few hours of each other, at the Orica Nitrogen facility where the death occurred. Both officials wrote reports of their investigations, and those documents have been provided to the parties and appear on the plaintiff's exhibit list. (Plaintiff's Exhibits 4.3 and 6). The reports are strikingly similar in many respects, but one important consistency is particularly germane to this discussion: Mike Lynch told both investigators he attempted to raise the car gate to stop the elevator at the moment he heard Joe Wilson say "stop". He also told both investigators the elevator did not stop.

3. At his deposition, taken nearly three years later in September of 2005, Mr. Lynch testified he could not recall Mr. Wilson asking him to stop the elevator nor could he recall telling Chief Sears that he attempted to stop the elevator by raising the gate, and that the elevator did not stop. Nor could he remember the details of his conversation with John Callahan. Plaintiff's exhibit 1, depo. of Lynch, pages 54, 99-102.

4. Relying primarily upon 7th Circuit cases where trial judges have determined that out-of-court exculpatory statements by criminal defendants or suspects are generally unreliable, the defendant extrapolates from those holdings a rule suggesting this Court, without the benefit of seeing any of the witnesses, or fully evaluating the circumstances surrounding the statements, should likewise find their proffered testimony unreliable. Such a determination at this stage of the proceedings is neither proper nor just.

5. Under F.R.E. 807 (previously Rule 803 (24)), a hearsay statement must meet five requirements to be admissible: (1) circumstantial guarantees of trustworthiness; (2) materiality; (3) probative value; (4) the interest of justice; and (5) notice. Of these, the most important is the district court's conclusion of trustworthiness. *Moffet v. McCauley*, 724 F.2d 581, 583 (7th Cir. 1984). Moreover, trustworthiness appears to be the only basis upon which the defendant brings this challenge. (Plaintiff provided notice of her intent to solicit F.R.E. 807 testimony in her deposition notice of John Callahan, served on June 20, 2006).

6. In making the determination of whether Mr. Lynch's out-of-court statements are sufficiently reliable, and therefore trustworthy, this Court should examine several factors, among them: (1) the probable motivation of the declarant in making the statement; (2) the circumstances under which it was made; and (3) the knowledge and qualifications of the declarant. *Cook v. Hoppin*, 783 F.2d 684, 690-691 (7th Cir. 1986).

7. It is respectfully suggested this Court examine the record, the appearance of the witnesses and all of the circumstances surrounding the out-of-court statements of Mr. Lynch before concluding his post-accident statements lack sufficient reliability to pass muster under F.R.E. 807.

8. Trial judges are rightly given " . . . a considerable measure discretion in deciding when a hearsay statement fits the residual exception of rule [807]". United States v. Sinclair, 74 F.3d 753, 758 (7th Cir. 1996). Such discretion is best exercised after receiving a full and fair opportunity to review the circumstances surrounding the proffered statements.

WHEREFORE Plaintiffs pray this Honorable Court to deny Defendant's Motion in Limine No. 3, and for such other relief as this Court deems just and proper under the premises.

HOLLORAN & SCHWARTZ

  /s/Joel A. Poole
Joel A. Poole
1010 Market Street, Suite 1650
St. Louis, MO 63101
Telephone: 314-621-2121
Facsimile: 314-621-8512

And

COONEY & CONWAY
John D. Cooney
Michael Mulvihill
Firm ID No. 90200
120 N. LaSalle Street, Suite 3000
Chicago, IL 60602
Telephone: 312-236-6166
Facsimile: 312-236-3029

ATTORNEYS FOR PLAINTIFF

**Certificate of Service**

The undersigned certifies that a true and correct copy of the foregoing instrument was served via the Court's electronic filing system on this 27th day of November, 2006, upon Perry C. Rocco, Lyndon C. Molzahn, Menges & Molzahn, LLC, 20 North Clark Street, Suite 2300, Chicago, IL 60602-5002.

  /s/Joel A. Poole